CT.
COPY
ORIGINAL      CLERK', PLEASE FILE      CH

**RECEIVED**

MILTON DOWELL
_____
Name

JAN 23 2008
JAN 23 2008
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

# 11920-424
_____
Person Identification/Booking No.
MEDICAL CENTER FOR FEDERAL PRISONERS
P.O. BOX 4000 SPRINGFIELD, MO. 65801-4000
_____
ADDRESS or PLACE OF CONFINEMENT

NOTE: If represented by an attorney;
      his name, address & telephone number.

NOTE: It is your responsibility to notify the Clerk
      of Court in writing of any change of address.

---

## UNITED STATES DISTRICT COURT

### FOR THE ~~SOUTHERN~~ NORTHERN

### DISTRICT OF ~~MISSOURI~~ ILLINOIS

EASTERN DIVISION

---

MILTON DOWELL
_____
**FULL NAME** ( Include name under which you
                were convicted) **Petitioner** ,

**CASE No.**_____
To be supplied by the clerk of
the United States District Ct.

**CASE No.** 99-CR-555-1
_____
Criminal case under which
sentence was imposed.

**VS.**

MARTY C. ANDERSON
_____
**NAME OF WARDEN,** ( or other authorized person
                      having custody of petitioner)
                      **Respondent.**

### PETITION FOR WRIT OF HABEAS CORPUS BY A

### PERSON IN FEDERAL CUSTODY (28 U.S.C. § 2241)

---

### INSTRUCTIONS READ CAREFULLY

This petition shall be legibly handwritten or typewritten, signed by the **petitioner,**
**under penalty** of **perjury.** You must set forth **CONCISELY** the answer to each question
in the proper space on the form. Any statement of **a material** fact may serve as the
basis for prosecution and conviction for perjury.

You must not attach separate pages to this petition except that **ONE** separate addi-
tional page is permitted in answering Question No. 9.

**08CV508**

**JUDGE KENNELLY**

**MAG. JUDGE COLE**

1)

## PETITION

1. Place of detention _MEDICAL CENTER FOR FEDERAL PRISONERS_ _P.O. BOX 4000, SPRINGFIELD, MO. 65801- 4000_

2. Name and location of court which imposed sentence _____

   _NORTHERN DISTRICT OF ILLINOIS_

3. The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:

   (a) _21 USC 846 ATTEMPTED POSSESSION W/ INTENT TO DIST. COCAINE_

   (b) _21 USC 841(a)(1) POSSESSION W/ INTENT TO DISTRIBUTE COCAINE_

   (c) _____

4. The date upon which sentence was imposed and the terms of the sentence,

   (a) _6-19-2003 , 360 MONTHS (CONCURRENTLY)_

   (b) _6-19-2003 , 360 MONTHS_

   (c) _____

5. Check whether a finding of guilty was made:

   (a) After a plea of guilty _____

   (b) After a plea of not guilty ____✓_____

   (c) After a plea of nolo contendere _____

6. If you were found guilty after a plea not guilty, check whether that finding was made by:

   (a) a jury ____✓_____

   (b) a judge without a jury _____

7. Did you appeal from the judgement of conviction or the imposition of sentence?

   (✓) YES      ( ) NO

8. If you did appeal, give the following information for each appeal:

   (a) (1) Name of court _7TH CIRCUIT COURT OF APPEALS_

      (2) Result _DENIED_

      (3) Date of result _OCT 29, 2004_

      (4) Citation or number of opinion _NO. 03-2747_

      (5) Ground raised (list each)

         (a) _DOWNWARD DEPARTURE_

②

(b)_____

(c)_____

(d)_____

(b) (1) Name of court_____

   (2) Result_____

   (3) Date of result_____

   (4) Grounds raised (list each)

       (a)_____

       (b)_____

       (c)_____

       (d)_____

**CAUTION:** If you are attaching a sentence imposed under a federal judgement, you must first file a direct appeal or motion under **U.S.C. § 2255** in the federal court which entered the judgement.

9. State **CONCISELY** every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting ground. If necessary, attach a **SINGLE** page only behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(a) Ground one PETITIONER'S COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE AT TRIAL AND SENTENCING FOR FAILING TO BRING FORWARD EVIDENCE THAT NO GRAND JURY INDICTMENT EXISTED CHARGING PETITIONER WITH THE CHARGE OF "POSSESSION WITH INTENT TO DISTRIBUTE COCAINE", TO WHICH CHARGE THE PETITIONER IS FACTUALLY AND ACTUALLY INNOCENT.

Supporting **FACTS** (tell your story **BRIEFLY** without siting cases or law).

**CAUTION:** You must state facts not conclusions in support of your grounds. A rule of thumb to follow is - who did exactly what to violate your rights at what time and place.

1. FOREMOST PETITIONER (DOWELL) AVERS THAT "NO" TRUE GRAND JURY INDICTMENT WAS EVER PROPERLY RETURNED CHARGING HIM WITH "POSSESSION WITH INTENT TO DISTRIBUTE COCAINE" IN VIOLATION OF 21 U.S.C. § 841 (a)(1). A COPY OF THE "PURPORTED" GRAND JURY INDICTMENT IN THIS MATTER REFLECTS THAT DOWELL WAS CHARGED ON JULY 29, 1999 WITH TWO (2) COUNTS OF "ATTEMPTED POSSESSION

( CONTINUED ON PAGE NO. 7 )

③

(b) Ground Two_____

_____

_____

Supporting **FACTS** (Tell your story **BRIEFLY** without siting cases or law).

_____

_____

_____

_____

_____

(c) Ground Three_____

_____

Supporting **FACTS** (Tell your story **BRIEFLY** without citing cases or law).

_____

_____

_____

_____

_____

_____

_____

(d) Ground Four_____

_____

_____

_____

Supporting **FACTS** (Tell your story **BRIEFLY** without siting cases or law).

_____

_____

_____

_____

10. Have you filed previous petitions for habeas corpus, motion under Section **2255** of **Title 28, United States Code,** or any other applications, petitions or motions with respect to this conviction?

( ✓ ) **Yes** ( ) **No**

11. If your answer to Question No. 10 was yes, give the following information:

(a) (1) Name of court_____

(2) Nature of proceeding_____

(3) Grounds raised_____

_____

_____

(4) Result_____

(5) Date of result_____

(6) Citation or number of any written opinions or orders entered pursuant to each disposition.

_____

(b) (1) Name of court_____

(2) Nature of proceedings_____

(3) Grounds raised_____

_____

_____

(4) Result_____

(5) Date of result_____

(6) Citation or number of any written opinions or orders entered pursuant to each disposition.

12. If you did not file a motion under Section **2255** of **Title 27/8, United States Code,** or if your filed such a motion and it was denied and why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

NEWLY DISCOVERED EVIDENCE

⑤

13. Are you presently represented by counsel? ( ) **Yes** (✓) **No**

If so, name, address and telephone number_____

Case name and court_____

14. If you are seeking leave to proceed in forma pauperis, have you completed the declaration setting forth the required information?

(✓) **Yes** ( ) **No**

**WHEREFORE,** petitioner prays that the court grant petitioner relief to which he may be entitled in this proceedings,

_____
Signature of Attorney (if any)

I **declare ( or certify, verify, or state ) under penalty of perjury that the foregoing is true and correct.**

Executed on    _JANUARY 12, 2008_
_____
(Date )

_Milton Dowell_
_____
Signature of Petitioner

(6)

WITH INTENT TO DISTRIBUTE COCAINE" A
VIOLATION OF 21 U.S.C. §846. EXHIBIT A, pp. 1-2.
HOWEVER, UNMISTAKABLY, AS THE "JUDGMENT
IN A CRIMINAL CASE" IN THIS MATTER
DEMONSTRATES, DOWELL WAS TRIED,
CONVICTED AND SENTENCED FOR ONE (1)
COUNT OF ATTEMPTED POSSESSION WITH
INTENT TO DISTRIBUTE COCAINE AND
ONE (1) COUNT (COUNT TWO (2)) POSSESSION
WITH INTENT TO DISTRIBUTE COCAINE. ID. AT
3-4. LIKEWISE THE PRESENTENCE
INVESTIGATION REPORT INDICATES SUCH.
ID. AT 5. MOREOVER, IN ONE OF THE
DISTRICT COURT'S ORDERS IT CLEARLY STATES
"HOWEVER, DEFENDANT WAS CONVICTED
OF ATTEMPTED POSSESSION WITH INTENT
TO DISTRIBUTE COCAINE, 21 U.S.C. § 846 (a)(1)
[SIC] AND POSSESSION WITH INTENT TO
DISTRIBUTE COCAINE, 21 U.S.C. § 841 (a)(1)."
I.D. AT 6.

2. DOWELL PRESENTS NEWLY DISCOVERED
EVIDENCE OF WHICH HE COULD NOT HAVE
DISCOVERED EARLIER. THROUGH DUE DILIGENCE
THEREABOUTS APRIL 27, 2007, DOWELL
RECEIVED NEWLY DISCOVERED EVIDENCE THAT
NO TRUE GRAND JURY INDICTMENT EXISTS
CHARGING HIM WITH "POSSESSION WITH
INTENT TO DISTRIBUTE COCAINE" ID. AT 7;

(7)

( PLEASE NOTE THAT THE DISTRICT COULD
NOT LOCATE A FINAL SIGNED COPY OF
THE... INDICTMENT YOU REQUESTED).

3.   DOWELL IS AGGRIEVED IN THIS
MATTER IN THAT HE WAS UNLAWFULLY
CHARGED, TRIED AND CONVICTED OF
" POSSESSION WITH INTENT TO DISTRIBUTE
COCAINE " AND CORRELATIVELY UNLAWFULLY
RECEIVED THE "MINIMUM" [EMPHASIS SUPPLIED]
30 YEAR SENTENCE THAT ATTACHES.
NOTABLY, THE CHARGE OF "ATTEMPTED
TO POSSESSION WITH INTENT TO DISTRIBUTE
COCAINE " CARRIES A MINIMUM SENTENCE
OF 10 YEARS. UNDENIABLY, A
FUNDAMENTAL MISCARRIAGE OF JUSTICE HAS
OCCURRED IN THE CASE AT BAR.

4.   ON JULY 23, 2003 DOWELL WAS
COMMITTED TO THE FEDERAL BUREAU OF
PRISONS AND HAS THERETOFORE BEEN HELD
UNDER AN ILLEGAL SENTENCE, JUDGMENT
AND COMMITMENT OF " POSSESSION WITH
INTENT TO DISTRIBUTE COCAINE." AN
UNLAWFUL PERIOD OF 4 ½ YEARS IN
VIOLATION OF THE UNITED STATES'
CONSTITUTION. ID. 3-4.

5. DOWELL'S COUNSEL AT TRIAL AND AT SENTENCING WAS CLEARLY INEFFECTIVE FOR PERMITTING COURT PROCEEDINGS TO BE BROUGHT AND TO BE HAD AGAINST DOWELL, FOR A CHARGE UPON WHICH NO GRAND JURY HAD RETURNED A TRUE INDICTMENT CHARGING SUCH. OF WHICH DOWELL SUFFERED EXTREME PREJUDICE IN THAT HE HAS BEEN ILLEGALLY INCARCERATED FOR 4 1/2 YEARS FOR A CRIME WHICH HE DID NOT COMMIT, IS ACTUALLY INNOCENT OF, AND MOREOVER, FOR WHICH NO GRAND JURY EVER RETURNED A TRUE INDICTMENT AGAINST HIM TO BE PROSECUTED UNDER [EMPHASIS SUPPLIED].

6. DOWELL RESPECTFULLY MOVES THIS COURT TO HOLD AN EVIDENTIARY HEARING AND FOR ASSIGNMENT OF COUNSEL.

## CLOSING ARGUMENT

BASED UPON THE FOREGOING CIRCUMSTANCES STATED, DOWELL AVERS THAT HE IS ACTUALLY INNOCENT. MOREOVER, THAT THE GOVERNMENT SHOULD BE PUT TO ITS PROOF. PRODUCE A "SIGNED" [EMPHASIS SUPPLIED] TRUE

GRAND JURY INDICTMENT WHICH
PROPERLY [EMPHASIS SUPPLIED] CHARGES
DOWELL WITH HAVING COMMITTED THE
CRIME OF "POSSESSION WITH INTENT
TO DISTRIBUTE COCAINE" IN VIOLATION
OF 21 U.S.C. § 841 (a)(1). IN THE EVENT
THE GOVERNMENT FAILS TO PRODUCE
ANY SUCH GRAND JURY INDICTMENT,
LAW AND JUSTICE DICTATE THAT THIS
WRIT OF HABEAS CORPUS 28 USC § 2241
BE GRANTED, AND THAT DOWELL BE
IMMEDIATELY RELEASED FROM CUSTODY.


SEE ALSO: SENTENCING TRANSCRIPT VOL. 4 AT P. 4
EXHIBIT A, p. 8.

CERTIFICATE OF SERVICE

I THE UNDERSIGNED DECLARE UNDER PENALTY
OF PERJURY ~~THAT~~ IN COMPLIANCE WITH
28 USC §1746 THAT I MAILED TRUE COPY
OF 28 USC §2241 WITH EXHIBIT A, AND
APPLICATION TO PROCEED WITHOUT PREPAYMENT
OF FEES AND AFFIDAVIT, FIRST CLASS POSTAGE
PREPAID ON THIS ___15___ DAY OF JANUARY 2008
ADDRESSED TO:

MARIBEL FERNANDEZ-HARVATH
ASST. U.S. ATTORNEY
U.S. ATTORNEY'S OFFICE
219 SOUTH DEARBORN ST, 5TH FL
CHICAGO, ILLINOIS 60604

X /Melvin Dowell
ORIGINAL SIGNATURE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION      JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **99 CR 0555** |
| ) | No. |
| v.    ) | Violation:  Title 21, |
| ) | United States Code, |
| MILTON DOWELL    ) | Section 846, 841(a)(1) |

### Count One

The SPECIAL APRIL 1998 GRAND JURY charges:

On or about October 1, 1998, at Lansing, and elsewhere in the Northern District of Illinois, Eastern Division,

MILTON DOWELL,

defendant herein, knowingly and intentionally attempted to possess with the intent to distribute approximately one kilogram of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).

EXHIBIT A

## Count Two

The SPECIAL APRIL 1998 GRAND JURY further charges:

On or about October 22, 1998, at Matteson, and elsewhere in the Northern District of Illinois, Eastern Division,

### MILTON DOWELL,

defendant herein, knowingly and intentionally attempted to possess with the intent to distribute approximately 1/4 kilogram of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Sections 846 and 841(a)(1).


A TRUE BILL:


_____

F O R E P E R S O N



UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT

<u>NORTHERN</u>                  District of                  <u>ILLINOIS</u>

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| MILTON DOWELL | Case Number:          99 CR 555-1 |

<u>William Gavras</u>
Defendant's Attorney

**THE DEFENDANT:**

☐  pleaded guilty to count(s) _____

☐  pleaded nolo contendere to count(s) _____
which was accepted by the court.

X  was found guilty on count(s)    ONE (1) and TWO (2)
after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846, 841(a)(1) | Attempted possession with intent to distribute cocaine | 10/1/1998 | 1 |
| 21:846,841(a)(1) | Possession with intent to distribute cocaine | 10/22/1998 | 2 |

The defendant is sentenced as provided in pages 2 through _____5_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: <u>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</u>

Defendant's Date of Birth: <u>03/28/0952</u>

Defendant's USM No.: <u>11920-424</u>

Defendant's Residence Address:

<u>2455 Lorraine</u>

<u>Cahokia, IL 62206</u>

Defendant's Mailing Address:

<u>Same as above</u>

<u>June 19, 2003</u>
Date of Imposition of Judgment

Signature of Judicial Officer

Wayne R. Andersen, U.S. District Judge
Name and Title of Judicial Officer

<u>June 20, 2003</u>
Date

AO 245B. (Rev. 3/01) Judgment in Criminal Case
Sheet 2 - Imprisonment 08-cv-00508    Document 1    Filed 01/23/2008    Page 15 of 19

Judgment – Page __2__ of ___5___

DEFENDANT:       DOWELL, MILTON,
CASE NUMBER:     99 CR 555-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of   __THREE HUNDRED (360)  SIXTY__         MONTHS.

X    The court makes the following recommendations to the Bureau of Prisons:
     That the defendant be incarcerated at the Rochester, MN medical center.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____   ☐ a.m.   ☐ p.m.   on   _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on   _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on   _____   to   _____

at   _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By   _____
DEPUTY UNITED STATES MARSHAL

(4)

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **PRESENTENCE INVESTIGATION REPORT** |
| | ) | |
| vs. | ) | **Docket No. 99 CR 555-1** |
| | ) | |
| MILTON DOWELL | ) | |

---

**Prepared For:**     Honorable Wayne R. Andersen
United States District Court Judge

**Prepared By:**     Michael I. Alper
United States Probation Officer
55 East Monroe - Suite 1500
Chicago, Illinois 60603
(312) 435-5351

**Assistant U. S. Attorney**
Aylice M. Toohey
219 South Dearborn
U.S. Courthouse - 5th Floor
Chicago, Illinois 60604
(312) 886-1317

**Defense Counsel**
William Gavras
Attorney At Law
118 A Chalan Santo Papa
Hagatna, Guam 96910
(671) 472-2302

**Sentence Date:**     April 8, 2003; at 9:45 a.m.

**Offense:**     Count One: Attempted Possession with Intent to Distribute Cocaine ( 21 U.S.C. §§846 and 841(a)(1)) - Mandatory Minimum 10 Years to Life Imprisonment, Mandatory Minimum 8 Years Supervised Release.

Count Two: Possession with Intent to Distribute Cocaine (21 U.S.C. §§846 and 841(a)(1)) - 30 Years Imprisonment, Mandatory Minimum 6 Years Supervised Release.

**Release Status:**     Released on a $4,500 cash bond on August 5, 1999, with reporting to pretrial services. Bond revoked on December 19, 2002, and defendant surrendered to the custody of the U.S. Marshal on December 23, 2002.

**Detainers:**     None

**Codefendants:**     None

**Related Cases:**     None

(5)

(Reserved for use by the Court)

# ORDER

This matter comes before the Court on defendant Milton Dowell's motion for appeal bond. Defendant was sentenced to 360 months imprisonment by this Court on June 19, 2003. Defendant currently has an appeal pending before the United States Court of Appeals for the Seventh Circuit. Defendant has requested that this Court issue an appeal bond for both legal and medical reasons. Defendant argues that an appellate bond should be granted because he is likely to succeed on appeal, relying upon case law about the proof required to establish a conspiracy. However, defendant was convicted of attempted possession with intent to distribute cocaine, 21 U.S.C. § 846(a)(1), and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). As for the medical reasons, this Court carefully considered defendant's medical condition at sentencing. There is nothing in the record before us to indicate that any circumstances have changed or that defendant satisfies any of the requirements pursuant to 18 U.S.C. § 3143 for the issuance of a bond pending appeal. Thus, defendant's motion for appeal bond is denied.

Wayne R. Andersen
United States District Judge

Dated: March 10, 2004

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Requester:__ **Milton Dowell** __

Request Number:_____ **07-209** _____   Date of Receipt:_____ **01-31-07** _____   APR 2 7 2007

Subject: **Self (specific public records)/ILN** _____

Dear Requester:

        In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.    [  ]    A search for records located in EOUSA - _____ has revealed no responsive records regarding the above subject.

2.    **[ X ]**    A search for records located in the United States Attorney's Office(s) for the **Northern District of Illinois** has revealed no responsive records regarding the above subject. **We have interpreted your request as a request for a final signed copy of the Plea Agreement and Indictment. Please note that the district could not locate a final signed copy of the Plea Agreement or Indictment you requested. You may wish to contact the U.S. District Court Clerk for copies of these documents.**

3.    [  ]    After an extensive search, the records which you have requested cannot be located.

4.    [  ]    Your records have been destroyed pursuant to Department of Justice guidelines.

5.    [  ]    Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you have or will receive a separate response:_____.

        This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

                                Sincerely,

                                William G. Stewart II
                                Assistant Director

)

(7)

1  that is the basis on which the guidelines should go forward.

2  Obviously, if he appeals and gets the decision reversed, that

3  would be different.

4         Okay.  The defendant was convicted in Count One of

5  attempted possession with intent to distribute cocaine, a

6  violation of 21 U.S.C. 846 and 841(a)(1) and Count Two

7  possession with intent to distribute cocaine, a violation of

8  those same two sections.  There were different amounts each

9  time.

10        I think that there is a base offense level of 26 for

11  a violation of those two sections under Guideline 2D1.1.

12  Since the defendant's criminal conduct makes him responsible

13  for approximately 1.25 kilograms of cocaine, that puts him in

14  the 500 gram to two kilogram level, which is a level 26.

15        Does the Government agree with that?

16        MS. TOOHEY:  Yes, your Honor.

17        THE COURT:  Do you, Mr. Gavras?

18        MR. GAVRAS:  Yes, sir.

19        THE COURT:  And then the Government -- I don't think

20  there should be any adjustments to that, either for role in

21  the offense or offense characteristics.  He has pled not

22  guilty.  He, obviously, didn't plead on a timely basis --

23  plead guilty on a timely basis, so I don't see any adjustment

24  for anything with respect to that adjusted offense level.

25        Does the Government agree with that?