## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MATTHEW F. KENNELLY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 508 | **DATE** | January 29, 2008 |
| **CASE TITLE** | Milton Dowell (# 11920-424) v. Marty C. Anderson | | |

**DOCKET ENTRY TEXT:**

The Court grants Petitioner's motion for leave to file *in forma pauperis* [3]. The Court summarily dismisses the petition for a writ of habeas corpus for lack of jurisdiction pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.

■[ For further details see text below.]              Docketing to mail notices.

### STATEMENT

   Petitioner Milton Dowell, currently incarcerated in the Medical Center for Federal Prisoners in Springfield, Missouri, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner alleges that his counsel was constitutionally ineffective because counsel failed to bring forward evidence that no Grand Jury indictment existed charging Petitioner with "possession with intent to distribute cocaine." Instead a copy of the Grand Jury indictment reflects that Petitioner was charged on July 29, 1999, with two counts of "attempted possession with intent to distribute cocaine."

   Judge Wayne R. Andersen presided over Petitioner's criminal proceedings, *United States of America v. Dowell*, No. 99 CR 555 (N.D. Ill.). After a jury trial, Petitioner was found guilty of two counts, conspiracy to distribute controlled substance and controlled substance -- possession (docket entry 76), on December 12, 2002. He was sentenced to 360 months imprisonment on June 19, 2003 (docket entry 83). The Court of Appeals dismissed Petitioner's appeal on November 19, 2004, for lack of jurisdiction (docket entry 102). Petitioner filed a motion to vacate, set aside, or correct sentence pursuant 28 U.S.C. § 2255, *Dowell v. United States of America*, No. 06 C 519 (N.D. Ill.), which Judge Andersen denied on December 22, 2006 (docket entry 11). The Court of Appeals denied Petitioner's request for a certificate of appealability on June 29, 2007 (docket entry 25).

   The present petition for a writ of habeas corpus was randomly assigned to this Court because Petitioner filed it as a § 2241 petition. Nonetheless, Petitioner is essentially attacking the validity of his federal conviction

| | Courtroom Deputy Initials: | mk |
|---|---|---|

**STATEMENT**

and/or sentence. Specifically, Petitioner claims that no true grand jury indictment was ever properly returned charging him with "possession with intent to distribute cocaine" in violation of 21 U.S.C. § 841(a)(1), and that as a result the sentence was improperly imposed.

Because Petitioner is attacking the validity of his conviction or sentence, he must proceed by way of a motion under 28 U.S.C. § 2255. *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). *United States v. Mittelsteadt*, 790 F.2d 39, 40 (7th Cir. 1986) (per curiam); *Coates v. Smith*, 746 F.2d 393, 396 (7th Cir. 1985). A § 2255 motion is filed "in the criminal action in which was entered the judgment to which it is directed" - in other words, it would be assigned to Judge Andersen upon filing in this Court. Rule 3(b), Rules Governing Section 2255 Proceedings.

A prisoner may not proceed under § 2241 if the sentencing court has already denied him relief under § 2255, unless it appears that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 para. 5; *Davenport*, 147 F.3d at 609. Nothing in Petitioner's § 2241 petition suggests that a motion under § 2255 would be an inadequate or ineffective way to seek the relief he requests. Though Petitioner previously filed a § 2255 motion that Judge Andersen denied, that does not make § 2255 an inadequate or ineffective remedy. And even though § 2255 precludes the filing of a second § 2255 motion unless the Court of Appeals first gives permission, the fact that Petitioner might be procedurally barred from pursuing relief under § 2255 likewise does not render that an inadequate or ineffective remedy. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

If Petitioner wishes to pursue the challenge to his conviction / sentence contained in the present petition, because he has previously filed a § 2255 motion, he must ask the Court of Appeals to certify that his request for relief is based on newly discovered evidence that could establish that no reasonable factfinder would have found the movant guilty, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see* 28 U.S.C. § 2244(a).

In sum, a § 2241 petition is not the proper procedural vehicle for Petitioner to use in asserting his challenge. For these reasons, after preliminary review, the Court summarily dismisses the petition for a writ of habeas corpus for lack of jurisdiction pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.