CLERK: PLEASE FILE

MHW

FILED
8-1-2008
AUG 1 2008
MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

MILTON DOWELL,
    PETITIONER,
    VS.                                    NO. 08 C 0508
MARTY C. ANDERSON,     CRIM NO. 99-CR-555-1
    RESPONDENT.

(08 CV 508)

### NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN THAT MILTON DOWELL, PRO SE, PETITIONER IN THE ABOVE NAMED CASE, APPEALS FROM THE ORDER OR JUDGMENT ENTERED ON JANUARY 29, 2008, THAT IS MINUTE ENTRY SUMMARILY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS.

DATED 7-28-08

X /s/ Milton Dowell

MILTON DOWELL
# 11920-424
MCFP, P.O. BOX 4000
SPRINGFIELD, MO.
65801-4000

CERTIFICATE OF SERVICE

I CERTIFY THAT I MAILED TRUE COPY OF "NOTICE OF APPEAL"; "SWORN AFFIDAVIT OF MILTON DOWELL"; AND "MOTION FOR CERTIFICATE OF APPEALABILITY" ON THIS 28 DAY OF JULY 2008, FIRST CLASS POSTAGE PREPAID TO:

MARIBEL FERNANDEZ-HARVATH
ASST U.S. ATTORNEY
U.S. ATTORNEYS OFFICE
219 SOUTH DEARBORN ST., 5TH FL.
CHICAGO, ILL. 60604

*Milton Dowell*
ORIGINAL SIGNATURE

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 08cv508

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Milton Dowell/Appellant | | Marty C Anderson/Appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Milton Dowell (ProSe) | Name | AUSA |
| Firm | #11920-424 | Firm | USAO |
| Address | Springfield - USMCFP<br>P.O. Box 4000<br>Springfield, MO 65801 | Address | 219 South Dearborn<br>Suite 500<br>Chicago, IL 60604 |
| Phone | N/A | Phone | 312-353-5300 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Kennelly | Date Filed in District Court | 1/29/2008 |
| Court Reporter | L. Brennan  Ext. 5785 | Date of Judgment | 1/31/2008 |
| Nature of Suit Code | 530 | Date of Notice of Appeal | 8/1/2008 |

COUNSEL:  Appointed [ ]   Retained [ ]   Pro Se [X]

FEE STATUS:  Paid [ ]   Due [ ]   IFP [X]
             IFP Pending [ ]   U.S. [ ]   Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [ ]   No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

  Granted [ ]      Denied [ ]      Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MATTHEW F. KENNELLY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 508 | **DATE** | January 29, 2008 |
| **CASE TITLE** | Milton Dowell (# 11920-424) v. Marty C. Anderson | | |

**DOCKET ENTRY TEXT:**

The Court grants Petitioner's motion for leave to file *in forma pauperis* [3]. The Court summarily dismisses the petition for a writ of habeas corpus for lack of jurisdiction pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.

■[ For further details see text below.]    Docketing to mail notices.

### STATEMENT

    Petitioner Milton Dowell, currently incarcerated in the Medical Center for Federal Prisoners in Springfield, Missouri, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner alleges that his counsel was constitutionally ineffective because counsel failed to bring forward evidence that no Grand Jury indictment existed charging Petitioner with "possession with intent to distribute cocaine." Instead a copy of the Grand Jury indictment reflects that Petitioner was charged on July 29, 1999, with two counts of "attempted possession with intent to distribute cocaine."

    Judge Wayne R. Andersen presided over Petitioner's criminal proceedings, *United States of America v. Dowell*, No. 99 CR 555 (N.D. Ill.). After a jury trial, Petitioner was found guilty of two counts, conspiracy to distribute controlled substance and controlled substance -- possession (docket entry 76), on December 12, 2002. He was sentenced to 360 months imprisonment on June 19, 2003 (docket entry 83). The Court of Appeals dismissed Petitioner's appeal on November 19, 2004, for lack of jurisdiction (docket entry 102). Petitioner filed a motion to vacate, set aside, or correct sentence pursuant 28 U.S.C. § 2255, *Dowell v. United States of America*, No. 06 C 519 (N.D. Ill.), which Judge Andersen denied on December 22, 2006 (docket entry 11). The Court of Appeals denied Petitioner's request for a certificate of appealability on June 29, 2007 (docket entry 25).

    The present petition for a writ of habeas corpus was randomly assigned to this Court because Petitioner filed it as a § 2241 petition. Nonetheless, Petitioner is essentially attacking the validity of his federal conviction

| | Courtroom Deputy Initials: | mk |
|---|---|---|

**STATEMENT**

and/or sentence. Specifically, Petitioner claims that no true grand jury indictment was ever properly returned charging him with "possession with intent to distribute cocaine" in violation of 21 U.S.C. § 841(a)(1), and that as a result the sentence was improperly imposed.

Because Petitioner is attacking the validity of his conviction or sentence, he must proceed by way of a motion under 28 U.S.C. § 2255. *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). *United States v. Mittelsteadt*, 790 F.2d 39, 40 (7th Cir. 1986) (per curiam); *Coates v. Smith*, 746 F.2d 393, 396 (7th Cir. 1985). A § 2255 motion is filed "in the criminal action in which was entered the judgment to which it is directed" - in other words, it would be assigned to Judge Andersen upon filing in this Court. Rule 3(b), Rules Governing Section 2255 Proceedings.

A prisoner may not proceed under § 2241 if the sentencing court has already denied him relief under § 2255, unless it appears that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 para. 5; *Davenport*, 147 F.3d at 609. Nothing in Petitioner's § 2241 petition suggests that a motion under § 2255 would be an inadequate or ineffective way to seek the relief he requests. Though Petitioner previously filed a § 2255 motion that Judge Andersen denied, that does not make § 2255 an inadequate or ineffective remedy. And even though § 2255 precludes the filing of a second § 2255 motion unless the Court of Appeals first gives permission, the fact that Petitioner might be procedurally barred from pursuing relief under § 2255 likewise does not render that an inadequate or ineffective remedy. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

If Petitioner wishes to pursue the challenge to his conviction / sentence contained in the present petition, because he has previously filed a § 2255 motion, he must ask the Court of Appeals to certify that his request for relief is based on newly discovered evidence that could establish that no reasonable factfinder would have found the movant guilty, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see* 28 U.S.C. § 2244(a).

In sum, a § 2241 petition is not the proper procedural vehicle for Petitioner to use in asserting his challenge. For these reasons, after preliminary review, the Court summarily dismisses the petition for a writ of habeas corpus for lack of jurisdiction pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.

APPEAL, COLE, HABEAS, PC, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:08-cv-00508
## Internal Use Only

Dowell v. Anderson et al  
Assigned to: Honorable Matthew F. Kennelly  
Cause: 28:2241 Petition for Writ of Habeas Corpus

Date Filed: 01/29/2008  
Date Terminated: 01/29/2008  
Jury Demand: None  
Nature of Suit: 530 Prisoner: Habeas Corpus  
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Milton Dowell**     represented by     **Milton Dowell**  
#11920-424  
Springfield - USMCFP  
P.O. Box 4000  
Springfield, MO 65801  
PRO SE

V.

**Respondent**

**Marty C Anderson**     represented by     **AUSA**  
United States Attorney's Office (NDIL)  
219 South Dearborn Street  
Suite 500  
Chicago, IL 60604  
(312) 353-5300  
Email: USAILN.ECFAUSA@usdoj.gov  
*ATTORNEY TO BE NOTICED*

**Service List**     represented by     **Prisoner Correspondence - Internal Use Only**  
Email: Prison1_ILND@ilnd.uscourts.gov  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/23/2008 | 1 | RECEIVED Petition and no copies by Milton Dowell. (Exhibits). (gmr, ) (Entered: 01/24/2008) |
| 01/23/2008 | 2 | CIVIL Cover Sheet. (gmr, ) (Entered: 01/24/2008) |

| | | |
|---|---|---|
| 01/23/2008 | 3 | APPLICATION by Petitioner Milton Dowell for leave to proceed in forma pauperis. (gmr, ) (Entered: 01/24/2008) |
| 01/23/2008 | 4 | POST MARKED envelope for initiating document by Milton Dowell (Document not scanned) (aew, ) (Entered: 01/29/2008) |
| 01/29/2008 | 5 | MINUTE entry before Judge Matthew F. Kennelly :The Court grants Petitioner's motion for leave to file in forma pauperis 3 . The Court summarily dismisses the petition for a writ of habeas corpus for lack of jurisdiction pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases. Civil case terminated. Mailed notice (gmr, ) (Entered: 01/31/2008) |
| 01/29/2008 | | (Court only) ***Civil Case Terminated. (gmr, ) (Entered: 01/31/2008) |
| 08/01/2008 | 6 | AFFIDAVIT of Milton Dowell. (Exhibits) (kj, ) (Entered: 08/05/2008) |
| 08/01/2008 | 7 | NOTICE of appeal by Milton Dowell regarding orders 5 . (IFP) (gej, ) (Entered: 08/05/2008) |
| 08/01/2008 | 8 | MOTION by Petitioner Milton Dowell for certificate of appealability. (gej, ) (Entered: 08/05/2008) |